J-S65001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAIK ROLLING | |
| Appellant | No. 1557 EDA 2008 |

Appeal from the Judgment of Sentence January 29, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-CR-0002154-2007

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 11, 2014**

Appellant, Taik Rolling, appeals from the judgment of sentence entered January 29, 2008, by the Honorable Susan I. Schulman, Court of Common Pleas of Philadelphia County.  Rolling argues that the trial court erred when it denied his motion to suppress physical evidence.  No relief is due.

At approximately 2 a.m. on February 8, 2007, Philadelphia Police Officer Siris Polard was on routine patrol at the 3000 block of Wharton Street when he observed a burgundy Nissan driving without its headlights activated.  **See** N.T., Suppression Hearing, 8/16/07 at 4-5.  He initiated a

_____

[*] Retired Senior Judge assigned to the Superior Court.

traffic stop and called for backup. *See id*. at 6. Officer Polard identified Rolling as the driver of the vehicle. *See id*. at 5.

When Officer George Ackerman arrived at the scene, the officers approached the vehicle and Officer Polard asked Rolling for his paperwork. *See id*. at 6. At the time, Rolling was dressed in an unzipped brown hoody, under which he was wearing an untucked dress shirt. *See id*. at 13; 19. As Rolling reached towards the glove box, Rolling's shirt tightened and Officer Ackerman observed a bulge in the left waistband area of Rolling's shirt. *See id*. at 15. Concerned that Rolling possessed a firearm, Officer Ackerman asked Rolling, repeatedly, to lift his shirt. *See id*. When Rolling complied, Officer Ackerman observed what appeared to be the handle of a firearm. *See id*. at 16; 19. Officer Ackerman immediately demanded Rolling raise his arms to the roof of the car, and then pulled up Rolling's shirt to reveal the handle of a .45 caliber handgun sticking out of Rolling's waistband. *See id*. at 16; 20.

Rolling was arrested and charged with violations of the Uniform Firearms Act. Prior to trial, Rolling filed a motion to suppress physical evidence. Following a hearing, the suppression court denied Rolling's motion. The trial court convicted Rolling of carrying a firearm without a

license and carrying a firearm on a public street in Philadelphia,[1] and sentenced Rolling to three years' probation. This timely appeal followed.

Rolling challenges the court's denial of his suppression motion. Our standard of review is well-settled.

> [W]e are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We may consider the evidence of the witnesses offered by the prosecution, as verdict winner, and only so much of the defense evidence that remains uncontradicted when read in the context of the record as a whole.

**Commonwealth v. McAliley**, 919 A.2d 272, 275-276 (Pa. Super. 2007) (citation omitted). "Moreover, if the evidence supports the factual findings of the suppression court, this Court will reverse only if there is an error in the legal conclusions drawn from those findings." **Commonwealth v. Powell**, 994 A.2d 1096, 1101 (Pa. Super. 2010).

The record supports the suppression court's factual findings. As such, we proceed to determine whether the suppression court's legal conclusion, that the seizure in this case was lawful, is correct. Preliminarily, we note that there is no dispute that Rolling was the subject of a lawful investigatory

---

[1] 18 Pa.C.S. §§ 6106; 6108.

detention. As such, the officers needed only reasonable suspicion to conduct a pat-down.[2]

> During [an] investigatory stop, the officer can pat-down the driver when the officer believes, based on specific and articulable facts, that the individual is armed and dangerous. Such pat-downs, which are permissible without a warrant and on the basis of reasonable suspicion less than probable cause, must always be strictly limited to that which is necessary for the discovery of weapons that might present a danger to the officer or those nearby. When assessing the validity of a pat-down, we examine the totality of the circumstances ... giving due consideration to the reasonable inferences that the officer can draw from the facts in light of his experience, while disregarding any unparticularized suspicion or hunch.

*Commonwealth v. Parker*, 957 A.2d 311, 315 (Pa. Super. 2008) (internal citations, quotation marks, and emphasis omitted).

Rolling essentially argues that because the shirts he was wearing under the sweatshirt were untucked, his "untucked shirts would have been too loose [] for a bulge to appear." Appellant's Brief at 12. Faced with conflicting testimony, it was the duty of the suppression court to pass on the credibility of the witnesses. Clearly, in denying Rolling's suppression motion, the court credited the testimony of Officers Polard and Ackerman that they observed a bulge in Rolling's waistband, which they feared to be a firearm. *See* N.T., Suppression Hearing, 8/16/07 at 32-33. Based upon the officers'

---

[2] Of course, here, the officers did not conduct a *per se* pat-down of Rollings. However, as they lifted Rolling's shirt under suspicion that he possessed a firearm, we find the situation to be analogous.

observation and the concern for their safety, we find the request that Rolling

lift his shirt to have been eminently reasonable and supported by reasonable

suspicion.  Hence, we conclude that the lower court properly denied Rolling's

suppression motion.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2014